FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 FEB -9 PM 2: 16

RYAN KOBBE,

    Plaintiff,

v.

Case No.:   6:16-cv-220-ORL-18DAB

BETHUNE-COOKMAN UNIVERSITY, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Ryan Kobbe, by and through his undersigned trial counsel, and hereby files his Complaint and Demand for Jury Trial against the Defendant, Bethune-Cookman University, Inc., and in support states:

### *INTRODUCTION*

1. This is an two (2) count action by Plaintiff, Ryan Kobbe, against his former employer, the Defendant, Bethune-Cookman University, Inc., for (1) unlawful racial discrimination pursuant to *Title VII of the Civil Rights Act of 1964* and (2) unlawful racial discrimination pursuant to the *Florida Civil Rights Act*.

### *JURISDICTION*

2. Jurisdiction is specifically conferred on the Court by *42 U.S.C. Section 2000e-5* and by *28 U.S.C. Section 1367*. Equitable and other relief are also sought under *42 U.S.C. section 2000e-(g)*.

3. This is an action for damages which exceeds the sum of Fifteen Thousand Dollars ($15,000.00), not including reasonable attorney's fees and costs associated with this action, which

are part of this action.

## *VENUE*

4. At all times material, Plaintiff, Ryan Kobbe, resided in Daytona Beach, Volusia County, Florida.

5. At all times material, the Defendant, Bethune-Cookman University, Inc., was a corporation licensed to conduct business in the State of Florida, which is located in Daytona Beach, Volusia County, Florida.

6. The venue of this Court over this controversy is proper based upon the claims arising in Daytona Beach, Volusia County, Florida.

## *FACTUAL ALLEGATIONS*

7. At all times material, Plaintiff, Ryan Kobbe, was employed by the Defendant, Bethune-Cookman University, Inc., from approximately May 2013 through on or about December 4, 2014, in the position of Quarterbacks [football] Coach.

8. The Defendant, Bethune-Cookman University, Inc., agreed to pay Plaintiff, Ryan Kobbe, wages for work performed. Ryan Kobbe accepted this agreement and did work for Bethune-Cookman University, Inc.

9. Since the inception of his employment with the Defendant, Bethune-Cookman University, Inc., Plaintiff, Ryan Kobbe, a white male, was not paid the agreed upon wages on a regular basis.

10. Since the inception of his employment with the Defendant, Bethune-Cookman University, Inc., Plaintiff, Ryan Kobbe, has not been paid at all for several months of his employment.

11. Notwithstanding its failure to pay Plaintiff, Ryan Kobbe, a white male, his wages, the Defendant, Bethune-Cookman University, Inc., paid all similarly situated black employees their complete wages on a regular and timely basis.

12. The Defendant, Bethune-Cookman University, Inc.'s failure to pay Plaintiff, Ryan Kobbe, his wages, yet paying all similarly situated black employees on a regular and timely basis, has been a continuing discriminatory violation beginning in July 2013 through December 2014.

13. Additionally, in July 2013, the Defendant, Bethune-Cookman University, Inc., placed Plaintiff, Ryan Kobbe, in an apartment.

14. The apartment the Defendant, Bethune-Cookman University, Inc., provided Plaintiff, Ryan Kobbe, a white male, was disgusting as it contained mold, cockroaches, was filled with garbage, and was filthy.

15. At the same time, another football team employee, Sharrick Moore, a black male, was also provided an apartment by the Defendant, Bethune-Cookman University, Inc., in the same building. Sharrick Moore's apartment was completely clean when he moved in.

16. At the end of June 2014, Plaintiff, Ryan Kobbe, received an electronic mail correspondence from the Defendant, Bethune-Cookman University, Inc., stating all employees would need to vacate the apartment building by July 18, 2014.

17. However, on July 8, 2014, Plaintiff, Ryan Kobbe, received another email from the Defendant, Bethune-Cookman University, Inc., that he would need to vacate his apartment by July 11, 2014.

18. While discussions regarding Plaintiff, Ryan Kobbe's new pay structure were still ongoing, Ryan Kobbe was granted permission to continue to reside in his apartment beyond July

11th and 18th, 2014, until his new pay was agreed upon.

19. Prior to Plaintiff, Ryan Kobbe's new pay being agreed upon and without prior notice, the Defendant, Bethune-Cookman University, Inc., provided construction crews access to Ryan Kobbe's locked apartment. Subsequently, over One Thousand Dollars ($1,000.00) worth of his possessions were stolen.

20. Plaintiff, Ryan Kobbe, brought the stolen items to the attention of the Defendant, Bethune-Cookman University, Inc., however, Bethune-Cookman University, Inc., never investigated or even looked into this.

21. Additionally, during one week of employment, items were personal items were stolen from Plaintiff, Ryan Kobbe's office on campus. After review of surveillance video, the perpetrator was a black employee of the Video Department.

22. Plaintiff, Ryan Kobbe, requested the Defendant, Bethune-Cookman University, Inc., investigate into this matter but once again Bethune-Cookman University, Inc., did nothing in response.

23. On or around the beginning of November 2014, all football team staff employees were informed they would be receiving their pay checks on November 26, 2014, the Wednesday prior to Thanksgiving.

24. On November 26, 2014, all full-time black coaches, all black graduate assistants, and all black support staff, received their pay checks. Plaintiff, Ryan Kobbe, did not receive his pay check.

25. Subsequently, Plaintiff, Ryan Kobbe, met with Jeff Fagan, the Defendant, Bethune-Cookman University, Inc.' Director of Operations for the football team, regarding not receiving

his paycheck.

26. In response to Plaintiff, Ryan Kobbe's complaint, Jeff Fagan stated, "well, if you haven't noticed, you are a little bit different than most people here. And because of that, you may not be treated the same way." This was clearly in reference to Ryan Kobbe's race, white.

27. Furthermore, Jeff Fagan indicated the employee responsible for approving check had a personal issue with Plaintiff, Ryan Kobbe. When Ryan Kobbe inquired as to what this personal issue could be, Jeff Fagan stated, "again, if you haven't noticed, you look different than most people here." Again, clearly referring to Ryan Kobbe's race, white.

28. On December 4, 2014, the Defendant, Bethune-Cookman University, Inc.'s head football coach, Brian Jenkins, demanded a meeting with Plaintiff, Ryan Kobbe, immediately.

29. Approximately an hour later, Plaintiff, Ryan Kobbe, met with Brian Jenkins at his office.

30. During this meeting, Brian Jenkins became extremely hostile towards Plaintiff, Ryan Kobbe, to the point where Brian Jenkins stated, "what is your white ass going to do, white boy, sue me? Ask the last guy who tried that how it worked."

31. After the above statement by Brian Jenkins, Plaintiff, Ryan Kobbe, attempted to leave the office; however, Brian Jenkins, blocked the exit and would not allow Ryan Kobbe to leave.

32. Eventually, Plaintiff, Ryan Kobbe, contacted the Daytona Beach Police Department and requested assistance at the office so he could leave.

33. While on the phone with the Daytona Beach Police Department, Plaintiff, Ryan Kobbe's employment was terminated by the Defendant, Bethune-Cookman University, Inc.'s head

...

football coach Brian Jenkins.

34. In or around February or March 2015, Plaintiff, Ryan Kobbe, filed a charge of discrimination with the United States Equal Employment Opportunity Commission against the Defendant, Bethune-Cookman University, Inc.

35. On or about November 9, 2014, Plaintiff, Ryan Kobbe, received his Notice of Right to Sue from the United States Equal Employment Opportunity Commission. A copy of the Notice of Right to Sue correspondence is attached hereto and incorporated herein as *Exhibit "A."*

36. Plaintiff, Ryan Kobbe, has retained The Harr Law Firm to represent him in this matter and has agreed to pay said firm reasonable attorney's fees and costs associated with this action.

37. All conditions precedent to the filing of this action have occurred or been waived.

## *COUNT I*

## *UNLAWFUL RACIAL DISCRIMINATION PURSUANT TO*
## *TITLE VII OF THE CIVIL RIGHTS ACT OF 1964*

38. Plaintiff, Ryan Kobbe, realleges the allegations contained in paragraphs one (1) through thirty-eight (38) above.

39. The adverse tangible employment actions, failure to pay and termination, taken by the Defendant, Bethune-Cookman University, Inc., against Plaintiff, Ryan Kobbe, were based solely on his race.

40. The actions described above taken by the Defendant, Bethune-Cookman University, Inc., were deliberate, intentional, and malicious, or in the alternative were undertaken with

...

reckless disregard for the civil rights of Plaintiff, Ryan Kobbe.

41.  The Defendant, Bethune-Cookman University, Inc., is liable for its adverse tangible employment actions taken against Plaintiff, Ryan Kobbe.

42.  As a further direct and proximate result of the wrongful acts of the Defendant, Bethune-Cookman University, Inc., Plaintiff, Ryan Kobbe, has in the past sustained and in the future will sustain a loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Ryan Kobbe, demands judgment against the Defendant, Bethune-Cookman University, Inc., in an amount exceeding Fifteen Thousand Dollars ($15,000.00), plus reasonable attorney's fees and costs of court and any other relief this Court deems just and proper.

## COUNT II
## UNLAWFUL RACIAL DISCRIMINATION PURSUANT TO
## FLORIDA CIVIL RIGHTS ACT

43.  Plaintiff, Ryan Kobbe, realleges the allegations contained in paragraphs one (1) through thirty-eight (38) above.

44.  Count II of Plaintiff, Ryan Kobbe's Second Amended Complaint is brought pursuant to *Section 760.10, Florida Statutes* and the *Florida Civil Rights Act of 1992, as amended.*

45.  The violation of discrimination Plaintiff, Ryan Kobbe, has suffered from is based solely on his race which is a protected class under *Section 760.10, Florida Statutes.*

46.  The discrimination Plaintiff, Ryan Kobbe, a white male, was subjected to was sufficiently sever to alter the terms and conditions of his employment.

47.  At all times material hereto, Plaintiff, Ryan Kobbe, a white male, was denied compensation for hours worked, endured discriminatory intimidation, ridicule and insult

sufficiently severe or pervasive to alter the terms or conditions of his employment; including, but not limited to, not receiving earned and due pay unlike his black counterparts.

48. Additionally, Plaintiff, Ryan Kobbe, endured discriminatory remarks and insults during the meeting at which his employment was terminated.

49. The Defendant, Bethune-Cookman University, Inc., as the employer, knew or should have known about the discrimination and took insufficient remedial action.

50. As a further direct and proximate result of the wrongful acts of the above referenced supervisors actions as an employee, agent or representative of the Defendant, Bethune-Cookman University, Inc., Plaintiff, Ryan Kobbe, has in the past sustained and in the future will sustain loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Ryan Kobbe, demands judgment against the Defendant, Bethune-Cookman University, Inc., in an amount exceeding Fifteen Thousand Dollars ($15,000.00), plus reasonable attorney fees and costs of court and any other relief this Court deems just and proper.

## *JURY TRIAL*

51. Plaintiff, Ryan Kobbe, demands a trial by jury on all issues triable.

Dated this 8th day of February, 2016.

Respectfully submitted,

JASON L. HARR
Florida Bar No.: 0194336
NOAH J. PROSSER
Florida Bar No.: 0111712

THE HARR LAW FIRM
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
noahprosser@harrlawfirm.com
vanessashermosillo@harrlawfirm.com
Telephone: (386) 226-4866
Telefax: (386) 226-4886
**TRIAL COUNSEL FOR PLAINTIFF
RYAN KOBBE**