# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RYAN KOBBE,**

    **Plaintiff,**

v.                                                  Case No.: 6:16-cv-220-ORL-18DAB

**BETHUNE-COOKMAN UNIVERSITY, INC.,**
a Florida corporation,

    **Defendant.**
_____/

## ANSWER AND DEFENSES TO COMPLAINT

Defendant, Bethune-Cookman University ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Defenses to the Complaint filed by Plaintiff, Ryan Kobbe ("Plaintiff"), as follows:

    1.    In response to Paragraph No. 1, Defendant acknowledges that this purports to be a claim of racial discrimination under Title VII of the Civil Rights Act of 1964 and Florida Civil Rights Act. Defendant denies the allegations therein to the extent it claims that Defendant acted unlawfully or that Plaintiff has or can allege the elements of such a cause of action. Defendant denies that it committed any unlawful act, denies that Plaintiff is entitled to any recovery against it, and denies any remaining allegations contained therein.

    2.    In response to Paragraph No. 2, Defendant acknowledges this Court's jurisdiction. Defendant states that 42 U.S.C. Section 2000e-5, 28 U.S. C. Section 1367, and 42 U.S.C. section 2000e-(g) speak for themselves and denies any and all remaining allegations.

    3.    In response to Paragraph No. 3, Defendant acknowledges that this purports to be a claim for damages in excess of $15,000.00. Defendant denies the allegations contained therein to the extent it claims that Defendant acted unlawfully or that Plaintiff has or can allege the

elements of such a cause of action. Defendant denies that it committed any unlawful act and denies that Plaintiff is entitled to any recovery against it.

4. In response to Paragraph No. 4, Defendant is without knowledge as to the term "at all times material" and is without knowledge as to Plaintiff's address, and therefore denies these allegations and all remaining allegations therein.

5. In response to Paragraph No. 5, Defendant states that it is a not-for-profit corporation licensed to conduct business in Florida and is located in Daytona Beach, Volusia County, Florida. Defendant is without knowledge as to the term "at all times material" and therefore denies this allegation and denies any and all remaining allegations.

6. In response to Paragraph No. 6, Defendant acknowledges that Plaintiff seeks venue within this Court and admits that Defendant is located within this judicial district. Defendant denies the allegations to the extent they suggest or imply that Plaintiff has a valid cause of action against Defendant and denies any and all remaining allegations.

7. In response to Paragraph No. 7, Defendant denies the allegations.

8. In response to Paragraph No. 8, Defendant denies the allegations.

9. In response to Paragraph No. 9, Defendant denies the allegations.

10. In response to Paragraph No. 10, Defendant denies the allegations.

11. In response to Paragraph No. 11, Defendant denies that it failed to pay Plaintiff "his wages," denies the allegations therein to the extent they claim that Defendant acted unlawfully, and denies any and all remaining allegations.

12. In response to Paragraph No. 12, Defendant denies that it failed to pay Plaintiff "his wages," denies the allegations therein to the extent they claim that Defendant acted unlawfully, and denies any and all remaining allegations.

13. In response to Paragraph No. 13, Defendant admits only that Plaintiff was provided with an apartment as part of his Graduate Assistant student benefits in July 2013 and denies any and all remaining allegations.

14. In response to Paragraph No. 14, Defendant denies the allegations.

15. In response to Paragraph No. 15, Defendant denies the allegations therein to the extent they claim that Defendant engaged in discriminatory behavior or acted unlawfully, and denies any and all remaining allegations.

16. In response to Paragraph No. 16, Defendant states only that in June 2014 Defendant advised all Graduate Assistants in Kobbe's current housing unit that it would no longer provide housing accommodations and denies any and all remaining allegations.

17. In response to Paragraph No. 17, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

18. In response to Paragraph No. 18, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

19. In response to Paragraph No. 19, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

20. In response to Paragraph No. 20, Defendant admits only that Plaintiff reported items allegedly stolen from his apartment. Defendant denies the allegations therein to the extent they claim or imply that Defendant engaged in discriminatory behavior or acted unlawfully, and denies any and all remaining allegations.

21. In response to Paragraph No. 21, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

22. In response to Paragraph No. 22, Defendant denies the allegations.

23. In response to Paragraph No. 23, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

24. In response to Paragraph No. 24, Defendant denies the allegations therein to the extent they claim that Defendant engaged in discriminatory behavior or acted unlawfully and denies any and all remaining allegations.

25. In response to Paragraph No. 25, Defendant denies the allegations.

26. In response to Paragraph No. 26, Defendant denies the allegations.

27. In response to Paragraph No. 27, Defendant denies the allegations.

28. In response to Paragraph No. 28, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

29. In response to Paragraph No. 29, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

30. In response to Paragraph No. 30, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

31. In response to Paragraph No. 31, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

32. In response to Paragraph No. 32, Defendant acknowledges that the Daytona Beach Police were called on or about December 4, 2015, regarding a dispute between Plaintiff and Brian Jenkins, a former employee of Defendant, but that no report or charges were filed. Defendant is without knowledge as to who contacted the Daytona Beach Police and denies any and all remaining allegations.

33. In response to Paragraph No. 33, Defendant denies that it ever employed Plaintiff, and thus, denies that Plaintiff's "employment was terminated" by former employee Brian Jenkins, and denies any and all remaining allegations.

34. In response to Paragraph No. 34, Defendant acknowledges that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. Defendant denies the allegations therein to the extent they claim that Defendant acted unlawfully or that Plaintiff has or can allege the elements of such a causes of action, and Defendant denies that it committed any unlawful act and denies that Plaintiff is entitled to any recovery against it.

35. In response to Paragraph No. 35, Defendant acknowledges that Exhibit A is a copy of a letter from the United States Equal Employment Opportunity Commission to Plaintiff. Defendant states that Exhibit A speaks for itself, and denies any and all remaining allegations.

36. In response to Paragraph No. 36, Defendant acknowledges that Plaintiff has hired legal counsel in this matter. Defendant is without knowledge as to the agreement between Plaintiff and his legal counsel and therefore denies this allegation any and all remaining allegations.

37. In response to Paragraph No. 37, Defendant is without knowledge as to the allegations contained therein, and therefore, denies any and all allegations.

## Count I – Unlawful Racial Discrimination Pursuant to
## Title VII of the Civil Rights Act of 1964

38. In response to Paragraph No. 38, Defendant reasserts and incorporates by reference its answers to the Complaint Paragraph Nos. 1-38.

39. In response to Paragraph No. 39, Defendant denies the allegations.

40. In response to Paragraph No. 40, Defendant denies the allegations.

41. In response to Paragraph No. 41, Defendant denies the allegations.

42. In response to Paragraph No. 42 and the WHEREFORE clause following Paragraph No. 42, Defendant denies the allegations and denies that it committed any unlawful act and denies that Plaintiff is entitled to any recovery against it.

**Count II – Unlawful Racial Discrimination Pursuant to Florida Civil Rights Act**

43. In response to Paragraph No. 43, Defendant reasserts and incorporates by reference its answers to the Complaint Paragraph Nos. 1-38.

44. In response to Paragraph No. 44, Defendant acknowledges that Plaintiff brings this claim pursuant to Fla. Stat. §760.10 and the Florida Civil Rights Act of 1992, as amended. Defendant denies the allegations therein to the extent they claim that Defendant acted unlawfully or that Plaintiff has or can allege the elements of such a cause of action. Defendant denies that it committed any unlawful act and denies that Plaintiff is entitled to any recovery against it.

45. In response to Paragraph No. 45, Defendant states Fla. Stat. §760.10 speaks for itself, and denies any and all remaining allegations.

46. In response to Paragraph No. 46, Defendant denies the allegations.

47. In response to Paragraph No. 47, Defendant denies the allegations.

48. In response to Paragraph No. 48, Defendant denies the allegations.

49. In response to Paragraph No. 49, Defendant denies the allegations.

50. In response to Paragraph No. 50 and the WHEREFORE clause following Paragraph No. 50, Defendant denies the allegations and denies that it committed any unlawful act and denies that Plaintiff is entitled to any recovery against it.

51. Defendant acknowledges that Plaintiff is requesting a jury trial on all issues triable by jury.  Defendant denies it acted unlawfully and denies that Plaintiff is entitled to any recovery against Defendant.

52. Defendant further denies all allegations of the Complaint not expressly admitted above.

## DEFENSES

### FIRST DEFENSE

To the extent Plaintiff makes claims under Title VII and/or Florida Civil Rights Act against Defendant, all claims which were not the subject of a timely charge filed with the EEOC or other federal, state, or local fair employment agencies against Defendant, and each claim which did not accrue within the time frame prescribed by Title VII, §95.11, *Fla. Stat*. or any other applicable limitations period, are barred.

### SECOND DEFENSE

To the extent Plaintiff makes claims under Title VII and/or Florida Civil Rights Act against Defendant, all claims which were not properly and fully presented to the EEOC and which do not meet all of the conditions precedent required by Title VII and/or Florida Civil Rights Act are barred.

### THIRD DEFENSE

Defendant states that there were legitimate, non-discriminatory/retaliatory reasons for its actions which were not discriminatory or retaliatory and that it has not willfully or intentionally violated 42 U.S.C. §2000e and *Florida Statutes* Chapter 760, *et seq*. or any other statute or provision under which the alleged causes of action could be brought, and Defendant has neither taken nor ratified any action with discriminatory/retaliatory purpose or intent, but rather has

7

acted in good faith and has not committed any unlawful employment practice and its actions were justified, as well as other reasonable factors and *bona fide* occupational business requirements necessary to the performance of business functions, and would have been taken regardless of any alleged discrimination or retaliation

## FOURTH DEFENSE

Defendant has a policy prohibiting discrimination and harassment based upon race and this policy provided an available procedure by which students and/or employees could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged discrimination or harassment, and to the extent Plaintiff availed himself of this policy, Defendant took effective remedial action and his claims are barred. Similarly, to the extent Plaintiff failed to avail himself of this policy, Plaintiff's claims of harassment or hostile work environment discrimination are also barred.

## FIFTH DEFENSE

Plaintiff has the duty to mitigate alleged losses, his entitlement to recovery for which is expressly denied; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

## SIXTH DEFENSE

If any improper, illegal, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**SEVENTH DEFENSE**

Defendant has not engaged in any discriminatory or retaliatory practices with malice or reckless indifference to Plaintiff's federally or statutorily protected rights and therefore any claims by Plaintiff for punitive damages are barred.

**EIGHTH DEFENSE**

Plaintiff's claims for punitive damages, if any, are barred as Plaintiff suffered no injury resulting from the conduct of a managing agent of Defendant.

**NINTH DEFENSE**

To the extent that Plaintiff engaged in misconduct during his employment with Defendant, which, had Defendant discovered such conduct during his employment with Defendant, would have resulted in termination of his employment, any claims for equitable relief are barred or limited accordingly by the after-acquired evidence doctrine.

**RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, Defendant, Bethune-Cookman University, prays that the Complaint be dismissed and that the Court enter judgment in its favor, and against Plaintiff, and award costs to Defendant and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

FORD & HARRISON LLP

By:    s/ Dawn Siler-Nixon
Dawn Siler-Nixon
Florida Bar No. 993360
dsiler-nixon@fordharrison.com
Bradley R. Hall
Florida Bar No. 0026172
brhall@fordharrison.com

For the Firm

101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone (813) 261-7800
Facsimile (813) 261-7899

Attorneys for Defendant,
Bethune-Cookman University, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Jason L. Harr, Esq.
Noah J. Prosser, Esq.
The Harr Law Firm
517 South Ridgewiood Ave.
Daytona Beach, Florida 32114

s/ Dawn Siler-Nixon
Attorney

WSACTIVELLP:8287892.2